ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>NICKY HERNÁNDEZ GAYA<br><br>Peticionario | KLCE202400874 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Casos Crim. Núm.: I1VP202200699-700; I1TR202200076-077, I1CR202200124<br><br>Sobre: Ley 22 Art. 7.02, 3.23A y Art. 246A CP |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Ronda Del Toro y la Jueza Díaz Rivera

Díaz Rivera, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico a 8 de octubre de 2024.

Comparece ante *nos*, Nicky Hernández Gaya (peticionario) y nos solicita que revisemos y revoquemos la *Resolución* emitida el 27 de junio de 2024 y notificada el 12 de julio de 2024, por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de Mayagüez. Mediante dicho dictamen, el TPI declaró *No Ha Lugar* la *Moción al Amparo de la Regla 64 (N) (4) de las de Procedimiento Criminal [...]* que presentó el peticionario.

Por los fundamentos que se exponen a continuación, se *deniega* el auto de *certiorari*.

### I.

Este recurso tiene su origen, en varias denuncias presentadas por el Ministerio Público en contra del peticionario el 20 de mayo de 2022, por una infracción al Artículo 404 y 412 de la Ley Núm. 4 de 23 de junio de 1971 (24 LPRA secs. 2404 y 2412), según enmendada, conocida como la Ley de Sustancias Controladas de

Número Identificador
RES2024_____

Puerto Rico.  Así como, una infracción al Artículo 3.23 (A) y 7.02 de la Ley Núm. 22 de 7 de enero de 2000 (9 LPRA secs. 5073 y 5202), según enmendada, conocida como la Ley de Vehículos y Tránsito de Puerto Rico y una infracción al Artículo 246 (A) de la Ley Núm. 146 de 30 de julio de 2012 (33 LPRA sec. 5336), según enmendada, conocida como el Código Penal de Puerto Rico de 2012.

Con fecha del 11 de diciembre de 2023, el peticionario presentó una *Moción al Amparo de la Regla 64 (N) (4) de las de Procedimiento Criminal [...]*.  Tras varios trámites procesales, innecesarios pormenorizar, el 26 de febrero de 2024, el peticionario presentó ante este Tribunal una *Petición de Certiorari* en el caso KLCE202400234.  Posteriormente, el 13 de marzo de 2024, este Tribunal emitió una *Sentencia* mediante la cual le ordenó al foro primario que llevara a cabo una vista evidenciaria conforme establece la Regla 64 (n) de Procedimiento Criminal (34 LPRA Ap. II).

En vista de ello, el 22 de abril de 2024, el peticionario presentó ante el TPI una *Moción en Cumplimiento de Orden* en los casos I1TR202200076, I1TR202200077 y I1CR202200124.  En la misma, solicitó que la celebración de la vista evidenciaria relacionada con los tres (3) delitos menos graves fuera referida a la Sala correspondiente del Tribunal de Distrito, donde debieron haberse citado, para la celebración del Juicio.

Oportunamente, el 26 de abril de 2024, el TPI emitió una *Resolución*, notificada el 1 de mayo de 2024, mediante la cual señaló la Vista Evidenciaria para el 16 de mayo de 2024, ante la Sala de Vista Preliminar donde se ventilan los casos graves I1VP202200699 y I1VP202200700.  El 16 de mayo de 2024, al dar comienzo la Vista Evidenciaria, la parte peticionaria solicitó en corte abierta la reconsideración de la *Resolución* emitida el 26 de abril de 2024. Consecuentemente, el foro primario declaró *No Ha Lugar* en corte

abierta la solicitud de la defensa.  Ese mismo día, el TPI emitió una *Resolución* mediante la cual redujo a escrito su determinación.

Insatisfecho con esa determinación, el 31 de mayo de 2024, el peticionario presentó una segunda *Petición de Certiorari* ante este Tribunal en el caso KLCE202400611.  Entretanto, el 25 de junio de 2024, emitimos una *Sentencia* mediante la cual expedimos el auto de *certiorari* y confirmamos la *Resolución* del 16 de mayo de 2024.

Así las cosas, el 27 de junio de 2024, el foro primario llevó a cabo la Vista Evidenciaria para atender lo concerniente a la solicitud de desestimación al amparo de la Regla 64 (n) de Procedimiento Criminal, *supra*, que presentó el peticionario.  Ese mismo día, el TPI emitió una *Resolución* mediante la cual declaró *No Ha Lugar* la *Moción al Amparo de la Regla 64 (N) (4) de las de Procedimiento Criminal [...]*.[1]  En su dictamen, el foro *a quo* realizó un resumen detallado del tracto procesal del caso y entendió que existió justa causa para la demora.  Asimismo, afirmó que no se vulneró el derecho del peticionario a un juicio rápido y concluyó que la demora fue provocada y expresamente consentida por este.

Inconforme con esa determinación, el 12 de agosto de 2024, la parte peticionaria acudió ante *nos* mediante una *Petición de Certiorari*.  En dicho recurso, señala la comisión del siguiente error:

> **COMETIÓ GRAV[Í]SIMO ERROR EL HONORABLE TRIBUNAL DE INSTANCIA BAJO EL FALSO FUNDAMENTO DE QUE LOS TRES DELITOS MENOS GRAVES ESTABAN "CONSOLIDADOS" - Y CUANDO NO POD[Í]AN, Y TODO ELLO DENTRO DE UN PROCEDIMIENTO ANTE UNA SALA DEL TRIBUNAL SIN COMPETENCIA, Y BAJO UNA CONCEPCI[Ó]N JUR[Í]DICA QUE ERA IMPERMISIBLE Y EXTEMPOR[Á]NEA A LOS CASOS.**

---

[1] Dicha *Resolución* fue reducida a escrito el 9 de julio de 2024 y notificada a las partes el 12 de julio de 2024.

Examinado el recurso de *certiorari,* este Tribunal emitió una *Resolución* el 21 de agosto de 2024, concediéndole un término de veinte (20) días a la parte recurrida para que expresara su posición al recurso. Oportunamente, la parte recurrida presentó su posición al recurso el 26 de septiembre de 2024. Luego de evaluar la posición de ambas partes, procedemos a resolver.

## II.

### A. *Certiorari*

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65. Véase, además, *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023); *800 Ponce de León Corp. v. AIG*, 205 DPR 163, 174 (2020); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez, supra.* Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León Corp. v. AIG, supra.* No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra.*

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari. Torres González v. Zaragoza Meléndez, supra.* En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari,* o de una orden de mostrar causa:

A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari,* por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra,* pág. 918. Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago,* 176 DPR 559, 580 (2009); *García v. Padró,* 165 DPR 324, 334 (2005). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago,* 125 DPR 203, 211 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *Pueblo v.*

*Rivera Santiago, supra,* pág. 581; *S.L.G. Flores, Jiménez v. Colberg,* 173 DPR 843 (2008).

### B. Perfeccionamiento del recurso de *certiorari*

El perfeccionamiento del recurso de revisión está regulado en la Parte IV del Reglamento del Tribunal de Apelaciones. Específicamente, la Regla 34 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, dispone que:

Contenido del recurso de revisión

[…]

(C) Cuerpo

(1) Toda solicitud de *certiorari* contendrá numerados, en el orden aquí dispuesto, los requerimientos siguientes:

(a) En la comparecencia, el nombre de las partes peticionarias.

(b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal.

(c) Una referencia a la decisión cuya revisión se solicita, la cual incluirá el nombre y el número de caso, la Región Judicial correspondiente y la Sala del Tribunal de Primera Instancia que la dictó, la fecha en que lo hizo y la fecha en que fue notificada; también, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar la solicitud de certiorari; además, se especificará cualquier otro recurso sobre el mismo caso que esté pendiente ante el Tribunal de Apelaciones o ante el Tribunal Supremo a la fecha de presentación.

(d) Una relación fiel y concisa de los hechos procesales y materiales del caso.

(e) Un señalamiento breve y conciso de los errores que a juicio de la parte peticionaria cometió el Tribunal de Primera Instancia.

(f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables.

(g) La súplica.

[…]

(E) Apéndice

(1) Salvo lo dispuesto en el subinciso (2) de este inciso y en la Regla 74, la solicitud incluirá un Apéndice que contendrá una copia literal de:

(a) Las alegaciones de las partes, a saber:

    i.   en casos civiles, la demanda principal, la de coparte o de tercero y reconvención, con sus respectivas contestaciones;

    ii.   en casos criminales, la denuncia y la acusación, si la hubiere.

(b) La decisión del Tribunal de Primera Instancia cuya revisión se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, si las hubiere, y la notificación del archivo en autos de una copia de la notificación de la decisión, si la hubiere.

(c) Toda moción debidamente sellada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar la solicitud de certiorari, y la notificación del archivo en autos de una copia de la resolución u orden.

(d) Toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en los cuales se discuta expresamente cualquier asunto planteado en la solicitud de certiorari, o que sean relevantes a ésta.

(e) Cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda ser útil al Tribunal de Apelaciones a los fines de resolver la controversia.

(2) El Tribunal de Apelaciones podrá permitir, a petición de la parte peticionaria en la solicitud de certiorari, en moción o motu proprio a la parte peticionaria, la presentación de los documentos del Apéndice a que se refiere esta regla con posterioridad a la fecha de la presentación del escrito de certiorari, dentro de un término de quince días contado a partir de la fecha de notificación de la resolución del tribunal que autoriza la presentación de los documentos.

El Tribunal Supremo de Puerto Rico señaló en *Morán v. Martí,* 165 DPR 365, 366 (2005), la necesidad de discutir y fundamentar los errores que se imputan al foro de instancia. Allí explicó que el promovente del recurso tiene la obligación de poner en posición al foro apelativo de aquilatar y justipreciar el error señalado. Así pues, nuestro máximo Foro reconoció que "solamente mediante un

señalamiento de error y una discusión, fundamentada, con referencia a los hechos y a las fuentes de derecho en que se sustenta, podrá el foro apelativo estar en posición de atender los reclamos que le plantean". Además, señaló como más importante que "el craso incumplimiento con estos requisitos impide que el recurso se perfeccione adecuadamente privando de jurisdicción al foro apelativo". Íd.

Así, toda la reglamentación aplicable a los diversos recursos apelativos requiere que el escrito contenga un señalamiento breve y conciso de los errores que a juicio del promovente cometió el foro recurrido. H. Sánchez Martínez, *Práctica Jurídica de PR, Derecho Procesal Apelativo*, Ed. LexisNexis de PR Inc., Hato Rey, PR, (2001), pág. 294. El cumplimiento de esa exigencia es importante porque el tribunal apelativo está obligado a considerar solamente los errores que el promovente señaló específicamente. Íd. **No obstante, esa omisión no es fatal, si el litigante de facto alude de otro modo al error contenido y lo discute en su alegato.** Íd.

## III.

En el presente caso, el peticionario no esbozó un señalamiento de error breve y conciso del error, que, a su juicio, cometió el Tribunal de Primera Instancia. Específicamente, hizo el siguiente señalamiento de error:

> **COMETIÓ GRAV[Í]SIMO ERROR EL HONORABLE TRIBUNAL DE INSTANCIA BAJO EL FALSO FUNDAMENTO DE QUE LOS TRES DELITOS MENOS GRAVES ESTABAN "CONSOLIDADOS" - Y CUANDO NO POD[Í]AN, Y TODO ELLO DENTRO DE UN PROCEDIMIENTO ANTE UNA SALA DEL TRIBUNAL SIN COMPETENCIA, Y BAJO UNA CONCEPCI[Ó]N JUR[Í]DICA QUE ERA IMPERMISIBLE Y EXTEMPOR[Á]NEA A LOS CASOS.**

A pesar de que en su solicitud el peticionario solicita que se revoque la *Resolución* notificada el 12 de junio de 2024, de una lectura de la totalidad de su recurso podría colegirse que el

peticionario está impugnando, nuevamente, la consolidación de los delitos graves y menos graves, así como la competencia de la sala que atendió los asuntos en el caso de autos.

Sin embargo, esa controversia ya fue atendida por este Tribunal de Apelaciones en su *Sentencia* del 25 de junio de 2024, notificada el 26 de junio de 2024, la cual es final y firme.

Luego de analizar los planteamientos esbozados por el peticionario y los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, no existen circunstancias que ameriten nuestra intervención con la Resolución recurrida, notificada el 12 de junio de 2024. Tampoco se desprende que haya mediado prejuicio o parcialidad en el dictamen recurrido, ni que éste sea contrario a Derecho. En consecuencia, procede la denegatoria de la petición ante nuestra consideración.

**IV.**

Por los fundamentos expuestos, los que hacemos formar parte de este dictamen, denegamos la expedición del auto de *Certiorari* solicitado por el Pueblo de Puerto Rico, a tenor con la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones